UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VDV PROPERTIES, LLC,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY
COMPANY,

    Defendant.

Case No. 2:18-cv-12501
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER
GRANTING STATE FARM'S MOTION FOR SUMMARY JUDGMENT [8]**

Not long after Simonas Kiseliovas purchased a beautiful old home in Detroit, the residence was damaged in a suspicious fire. The insurer, State Farm Fire and Casualty Company, refused to pay for the damage. So Kiseliovas sued. A jury found that Kiseliovas was not entitled to insurance proceeds.

This case is a sequel to that one. Now the company that Kiseliovas had mortgaged the Detroit property to, VDV Properties, LLC, wants to recover insurance proceeds from State Farm. (*See* ECF No. 15, PageID.157–160; ECF No. 1, PageID.7–9.) State Farm seeks summary judgment. The Court will treat State Farm's motion as unopposed and grant it.

**I.**

The Court briefly summarizes the first case, then the second.

**A.**

On April 28, 2015, a fire damaged a home located on Muirland Street in Detroit, Michigan. Prior to the fire, Simonas Kiseliovas had insured the Muirland property via a homeowner's insurance policy from State Farm Fire and Casualty Company. State Farm refused to pay for the

fire damage. So, in March 2016, Kiseliovas filed a lawsuit. Late in that litigation, VDV Properties, which was the mortgagee of the Muriland property, sought to intervene. That request was denied in part because it was late in the day and in part because VDV's owner and operator, Viktoriya Bereshnaya, had thwarted attempts to have her deposition taken. So the case proceeded to trial without VDV.

In May 2018, a jury found that Kiseliovas had "intentionally set or arranged for the setting of the April 28, 2015 fire at the property located 1814 Muirland Street, Detroit, Michigan" or, at least, that "he had a guilty connection to the setting of the fire[.]" *See* Verdict Form, ECF No. 40, *Kiseliovas v. State Farm Fire and Casualty Company*, No. 16-10823 (E.D. Mich. May 11, 2018).

**B.**

Shortly after the jury verdict, in July 2018, VDV filed this lawsuit in state court. After State Farm removed the case to federal court, it was assigned to United States District Judge Sean F. Cox.

On February 11, 2019, State Farm moved for summary judgment. VDV did not respond within the 21-day period set by both the Federal Rules of Civil Procedure and this District's local rules. So on March 14, 2019, Judge Cox ordered VDV "TO SHOW CAUSE, in writing, no later than March 21, 2019 why the unopposed Motion for Summary Judgment should not be granted." (ECF No. 10, PageID.146.)

The next day, March 15, 2019, VDV responded to the show-cause order. VDV explained that it planned to depose the State Farm agent who wrote the policy, but the date of his deposition turned out to be the "worst winter storm of the season with reported whiteout conditions." (ECF No. 11, PageID.148.) So counsel agreed to postpone the agent's deposition to April 4, 2019. (*See id.*) VDV further stated that it believed that it needed "the records and testimony of the insurance

agent in order to defeat [State Farm's] motion for summary disposition." (*Id.*) VDV stated that "[d]ays" before receiving Judge Cox's show-cause order, it had contacted State Farm about allowing it to file its summary-judgment response after the agent's deposition. (*Id.*) Notably, VDV did not state in the show-cause response that State Farm agreed to this request. VDV's show-cause response ended by asking Judge Cox to allow it to file a summary-judgment response 10 days after the April 4 deposition. (*Id.*)

A few days after VDV filed its show-cause response, on March 19, 2019, this case was reassigned to the undersigned. (The undersigned had presided over the Kiseliovas trial, so this case was a companion.)

The parties ultimately fully briefed the merits of State Farm's summary-judgment motion. The deposition of James Hanlin, a State Farm agent, took place on April 4, 2019 as planned. But VDV did not file its summary-judgment response brief within 10 days of that deposition as it had requested in its show-cause response. Instead VDV waited until about a month after the deposition, May 7, 2019, to file its summary-judgment response. Two weeks later, in accordance with the rules, State Farm filed a substantive reply.

## II.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

### A.

As a threshold issue, the Court must decide whether VDV Properties satisfied Judge Cox's show-cause order.

In this Court's opinion, VDV's show-cause response was inadequate. There, VDV said it did not have the "records and testimony" of State Farm's agent that it needed to respond to summary-judgment. The need for additional evidence to draft an adequate response brief is understandable. But what is not understandable is how VDV handled not having the agent's records and testimony. With the discovery and dispositive motion cutoff looming, VDV could have filed a motion to extend those deadlines so it could timely depose the agent. VDV did not take that approach. And even if seeking an extension was not necessary because VDV had planned to both depose the agent and respond to State Farm's motion within the 21-day period, once the storm-of-the-season hit, VDV could have notified the court that it needed more time to respond to the motion. But VDV did not take that approach either. VDV's failure to timely respond to State Farm's motion or timely seek an extension to do so is particularly troubling given that the Federal Rules provide guidance to a non-moving party lacking discovery: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [of a summary-judgment motion], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). What the Federal Rules do not contemplate is waiting until the 21-day response period lapses and waiting until the Court issues a show-cause order, only to say that more discovery is necessary to file a response. And even after the April 4 deposition, VDV did not move with pace—instead of filing its response brief 10 days later as it had requested, it waited until May 7.

Recall too that this is the sequel to a case about the Kiseliovas property. And in part one, VDV also did not completely respect procedures governing civil litigation. In that case, State Farm wanted to depose Viktoriya Bereshnaya, the sole owner and operator of VDV Properties.

Bereshnaya "evaded efforts to have her deposition taken for several months." *Kiseliovas v. State Farm Fire and Casualty Company*, No. 16-10823 (E.D. Mich. Apr. 24, 2018) (order denying motion to intervene). But then, after discovery had closed and on the eve of trial, Bereshnaya tried to intervene in Kiseliovas' case against State Farm. The Court denied the motion not only because it was late in the day, but also because it was unfair for Bereshnaya to evade deposition but then intervene as a plaintiff. *See Kiseliovas v. State Farm Fire and Casualty Company*, No. 16-10823 (E.D. Mich. Apr. 24, 2018) (order denying motion to intervene).

In short, because VDV's summary-judgment response was late, and because VDV has not justified filing a late response, the Court will treat State Farm's summary-judgment motion as unopposed.

That determination, though, does not mean that summary judgment automatically follows. *See F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014). The Court must still review the materials submitted by State Farm and ensure that State Farm has discharged its summary-judgment burden. *See id.*; *Cacevic v. City of Hazel Park*, 226 F.3d 483, 491 (6th Cir. 2000). The Court turns to that task now.

**B.**

State Farm argues that "[t]here are no facts to allow [VDV] to claim it was intended to be benefited under the policy contract between Simonas Kiseliovas and State Farm." (ECF No. 8, PageID.54.) The Court agrees.

Michigan law (the insurance policy was issued in Michigan to a Michigan resident for a Michigan property) is not particularly generous to would-be third-party beneficiaries. Michigan has a statute that says, "A promise shall be construed to have been made for the benefit of a person whenever the promisor . . . had undertaken to give or to do or refrain from doing something *directly*

5

to or for said person." Mich. Comp. Laws § 600.1405 (emphasis added). And "[b]y using the modifier directly, the [Michigan] Legislature intended to assure that contracting parties are clearly aware that the scope of their contractual undertakings encompasses a third party, directly referred to in the contract, before the third party is able to enforce the contract." *Schmalfeldt v. N. Pointe Ins. Co.*, 670 N.W.2d 651, 654 (Mich. 2003); *see also Brunsell v. City of Zeeland*, 651 N.W.2d 388, 390 (Mich. 2002) ("[T]he plain language of [the third-party-beneficiary] statute reflects that not every person incidentally benefitted by a contractual promise has a right to sue for breach of that promise[.]").

Coupling that law with the facts of this case forecloses the third-party-beneficiary path to relief. True, State Farm probably knew that most residential properties have a mortgage. And the policy does reference mortgagees. But it remains that Kiseliovas never made certain to State Farm that his property fit the norm. And having an idea that Kiseliovas' property was mortgaged is not the same as knowing that the mortgagee was a single person residing in a foreign country. Moreover, the mortgage clause suggested that State Farm only intended to cover VDV if VDV was named in the policy: "*If a mortgagee is named in this policy*, any loss payable under [Coverage A – Dwelling] shall be paid to the mortgagee and you, as interests appear." (ECF No. 8, PageID.107 (emphasis added).) And, as detailed below, VDV is nowhere named in the policy.

And even assuming that VDV is a third-party beneficiary, it is far from clear that third-party beneficiary status would avoid the defenses that State Farm had to Kiseliovas' suit. That is significant because a jury already found that Kiseliovas was not entitled to anything under the policy.

The mortgage clause in the insurance policy might also be a means that VDV could recover proceeds from State Farm. In *Wells Fargo Bank, N.A. v. Null*, 523, 847 N.W.2d 657 (Mich. Ct.

6

App. 2014), the court found that policy language very similar to the policy language at issue in this case created a "standard" (as opposed to an "ordinary") mortgage clause. 847 N.W.2d at 670–71. And Michigan law says that a standard mortgage clause creates a separate contract between the mortgagee (here VDV) and the insurer (here State Farm) that, in most cases, is enforceable even if the insured (here Kiseliovas) cannot enforce the policy against the insurer. *Id.* at 670–71 (discussing differences between "ordinary" and "standard" clauses).

Even if the mortgage clause in the policy that State Farm issued is "standard," State Farm points out that the clause does not permit VDV to recover any proceeds because VDV is nowhere named in the policy. (ECF No. 8, PageID.54 ("VDV has no rights under the 'Mortgage Clause' of the policy issued to Mr. Kiseliovas because VDV was not 'named in the policy'").)

The Court again agrees with State Farm. VDV does not appear on the "Declarations" page. (*See* ECF No. 8, PageID.89.) VDV does not appear anywhere in the terms and conditions portion of the policy. (*See* ECF No. 8, PageID.91–125.) VDV does not even appear on the application that the State Farm agent completed on Kiseliovas' behalf. (*See* ECF No. 8, PageID.87.) True, State Farm does not know for certain whether its agent ever asked Kiseliovas if there was a mortgage on the property. (ECF No. 15, PageID.174, 176, 183.) But State Farm thinks it asked because that is standard procedure. (ECF No. 15, PageID.174, 175–76, 183.) So VDV is not named anywhere in the insurance policy and the record suggests that the omission is not State Farm's fault. That is significant because the standard mortgage clause states, "*If a mortgagee is named in this policy*, any loss payable under Coverage A shall be paid to the mortgagee and you, as interests appear." (ECF No. 8, PageID.107 (emphasis added).) The "if" condition was not satisfied.

## IV.

In sum, VDV Properties filed a late summary-judgment response without substantial justification. So the Court has elected not to consider VDV's response brief and to treat State Farm's summary-judgment motion as unopposed. And having examined the record and considered State Farm's motion, the Court finds that State Farm has discharged its summary-judgment burden of showing that VDV Properties is not entitled to insurance proceeds. So State Farm's motion is GRANTED.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: September 9, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, September 9, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager